## Ex parte STANZIALE.

District Court, D. New Jersey.
May 17, 1943.

Charles M. Phillips and Thorn Lord, both of Trenton, N. J., for the Government.

George R. Sommer, of Newark, N. J., for Adolph B. Stanziale.

MEANEY, District Judge.

### Findings of Fact.

The following are found as a fact: Adolph Benjamin Stanziale, residing at 438 Parkinson Terrace, Orange, New Jersey, registered October 15, 1940 under the Selective Service Act, 50 U.S.C.A. Appendix § 301 et seq., with Local Board #10 of Essex County; he filed his questionnaire with the Local Board on September 2, 1941, and at the time he filed his questionnaire he was twenty-four years of age; he operated a tavern and earned an average of $40 weekly; he employed seven persons; he was married, having been married on June 1, 1941, but had no children; he lived with his wife, mother and father, and contributed $1,500 during the previous twelve months to the support of this family group; no other person contributed to it; and his father, who was fifty years of age, was ill and unable to work. The Local Board on January 15, 1942, placed Adolph Benjamin Stanziale in classification 3-A. On April 18, 1942, Adolph Benjamin Stanziale filed with his Local Board a supplemental questionnaire which contained the following information: His wife was not employed; his father because of illness had not worked since 1936; he was an only child and his wife expected to give birth to a child in May, 1942. On November 12, 1942, there was filed with the Local Board a statement by Anna Stanziale to the effect that she is the wife of Adolph B. Stanziale; that they had a child four months old; that she, her child, her father-in-law and mother-in-law were entirely dependent upon Adolph B. Stanziale for their support; that they all lived together in a home maintained by the said Adolph B. Stanziale; and that if Adolph B. Stanziale were inducted in the Army it would cause great hardship to all of them. There was also filed a statement to the same effect by Sandina Stanziale, the mother of Adolph B. Stanziale, which statement also showed that she suffered from a heart condition and was unable to do any work. There was also filed a statement by Samuel Stanziale to the same effect and which also showed that he was unable to work because of his physical condition. There was filed as well a statement by Dr. Alexander Palladino to the effect that Samuel Stanziale was under his care and treatment and that he was unable to do any physical work. There was another statement filed by Dr. Francis W. Pizzi to the effect that Mrs. Sandina Stanziale was suffering from a heart condition and unable to do any physical work. On November 13, 1942, other than the information above recited, the Local Board had no other facts or information before it. On November 13, 1942, the Local Board reclassified Adolph B. Stanziale in Class 1-A. At the time of this reclassification Adolph B. Stanziale was married, had one child, maintained a bona fide family relationship with his wife, child, father and mother who lived with him in his home and all of whom were dependents upon him for their support. From the decision of the Local Board on November 13, 1942, Adolph B. Stanziale appealed to the Board of Appeals. On December 11, 1942, the Board

ot Appeals confirmed the decision of the Local Board. On January 12, 1943, he was inducted in the armed forces. Immediately upon his induction an application was made to this court for a writ of habeas corpus.

### Conclusions of Law.

It is concluded as a matter of law that when the Local Board on January 15, 1942, classified Adolph B. Stanziale in Class 3-A it made a proper classification in accordance with the facts before it. That when the Board on November 13, 1942, changed his classification from Class 3-A to Class 1-A and subsequently ordered his induction with nothing before it changing the situation that existed on January 15, 1942, their action in so reclassifying Adolph B. Stanziale and subsequently ordering his induction was unlawful, arbitrary and capricious.

The regulations issued for the guidance of local boards under the provisions of the Selective Training and Service Act, are the controlling factor in the determination of the status of any individual in relation thereto; and the various local boards, while they may pass upon the factual questions involved in such determination, may not, arbitrarily or capriciously, substitute any other standard than, or disregard, the explicit intent of the regulations. Neither zeal nor personal disagreement with the effect produced by impartial enforcement of the regulations should influence the conclusions to be arrived at in classification of any person subject to the provisions of the Selective Training and Service Act and the regulations issued thereunder.

Let the writ issue and the said Adolph Benjamin Stanziale be discharged.